## RENT FOR PREMISES HELD BY A DEFAULTING PURCHASER.

[Common Pleas Court of Cuyahoga County.]

JACOB GEIL, JR., v. L. G. J. LEHR.

Decided, December 15, 1906.

*Landlord and Tenant—Rescission of Contract for Sale and Purchase—Forfeiture by Service of Notice—Purchaser in Possession—Waiver of Trespass—Rent—Attachment for Necessaries.*

A defaulting purchaser of land who is in possession is a trespasser under claim of title,. and the seller can not effect a forfeiture of the contract of purchase by mere service of notice and thereafter treat the purchaser as a tenant liable for rent, unless assent on his part to be so regarded can be shown.

BEACOM, J.

Plaintiff sued defendant in a justice court for rent, and attached property of defendant under authority of the statute authorizing attachment where the claim is for necessaries. The facts are these:

Plaintiff and defendant executed a land contract by the terms of which plaintiff agreed to sell and defendant to buy a house and lot in the city of Cleveland, payment therefor to be made in installments, deed to be given upon full payment of purchase price. Defendant entered into possession of premises, made a small payment thereon, but failed to make his payments as stipulated in the contract. Thereupon about the 10th day of a certain month plaintiff entered upon the premises, asserted his right to possession and gave defendant notice to

quit premises. After remaining a short time longer defendant voluntarily left the premises, and this action is brought to recover reasonable rental for the period that elapsed between the time when the owner entered the premises and ordered the defendant to leave and the time when he did actually leave; and that raises the question as to the relative rights of the parties hereto in said lands during said time. Plaintiff claims that by entering upon the premises and demanding possession defendant became his tenant and obligated to pay rental for whatever time he remained. Defendant claims that he had an interest in said premises of which he could be deprived only by a court of competent jurisdiction declaring his interests forfeited. Plaintiff relies upon the following provisions in the contract:

"In case default shall be made by the party of the second part, his heirs, executors, administrators or assigns, in any of the conditions above stipulated to be performed by him, it shall and will be lawful for the party of the first part, if he so elect to treat this contract as thenceforth void, and to re-enter upon said premises at any time after such default, without serving on the party of the second part, or any person holding under him, a notice to quit said land; and in case this contract shall be treated as thenceforth void, the party of the second part, or those claiming under him, shall thenceforth be deemed mere tenants at will under the said party of the first part, and be liable to be proceeded against without notice to quit under the provisions of the law regulating proceedings in cases of entry and detainer."

The conclusion of the court in this matter is that there was no perfected forfeiture or rescission of the land contract by the mere service of notice on the contractee, nor until the forfeiture had been declared by a court of competent jurisdiction, or until possession was secured by the holder of the legal title. It may very well be that equity will not aid the purchaser to secure a full, legal title, by a decree of specific performance, if he is in default, and the seller has merely served notice of his intention to terminate the contract; the purchaser nevertheless has a species of title by the very fact of possession (originally lawful), until terminated, either (1) by mutual cove-

nant, or (2) by surrender of possession, or (3) by decree of a competent court.

It may not be necessary to decide this point in this case, however. The action was brought for use and occupation of the premises, as by a tenant. The circumstances clearly repel any such relation between the parties.

"If the occupant of land enter and hold without permission and right, he is a trespasser, and the owner can not waive the trespass and make him tenant, without his consent." 14 Ohio, 344.

"An action of assumpsit for use and occupation can not be maintained where possession is held adversely under claim of title." 1 Ohio State, 223.

"Where a parcel of land is occupied by a person not the owner, in such manner and under such circumstances that a contract to pay rent can not be implied, rent for such occupation can not be recovered." 21 O. S., 664.

If, therefore, the claim of plaintiff as to forfeiture of the contract by mere service of notice were correct, that fact alone would not give him a right to recover for use or occupation of the premises, in the absence of some contract by the purchaser, express or implied, to pay same, or some assent on his part to be regarded as a tenant from that date. Without such assent he was at most a trespasser holding the land under a claim of title.

Attachment discharged. Plaintiff excepts.

*C. W. Swartzel,* for plaintiff.

*Noah S. Good,* for defendant.